Judge ERDMANN
delivered the opinion of the Court.
Appellant, Airman First Class Shane T. Seider, was tried by a general court-martial consisting of members. He was charged with the wrongful use of cocaine on divers occasions and wrongfully distributing cocaine in violation of Article 112a, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 912a (2000). Although Seider pleaded not guilty to both specifications, he was found guilty of wrongfully distributing cocaine as charged and of wrongfully using cocaine except the words “on divers occasions.”
Seider was sentenced to a bad-conduct discharge, confinement for 15 months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority approved the sentence and the Air Force Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion. United States v. Seider, ACM 35154, 2003 WL 22048406 (AF.Ct.Crim.App. August 11, 2003). We granted review of the following issue:
WHETHER, IN LIGHT OF UNITED STATES V WALTERS, 58 M.J. 391 (C.A.A.F.2003), THE AIR FORCE COURT ERRED IN AFFIRMING APPELLANT’S CONVICTION FOR WRONGFULLY USING COCAINE BECAUSE THERE WAS NO WAY TO KNOW WHICH USE OF COCAINE *37 THE MEMBERS FOUND APPELLANT GUILTY OF.
We hold that the Air Force Court of Criminal Appeals erred.
FACTS
Seider was arraigned and tried upon two specifications alleging violations of Article 112a. Specification 1 alleged the wrongful use of cocaine “on divers occasions” as follows:
In that Airman First Class Shane T. Seider, United States Air Force, 559th Flying Training Squadron, Randolph Air Force Base, Texas, did, at or near Universal City, Texas, on divers occasions between on or about 1 October 2000 and on or about 31 December 2000, wrongfully use cocaine.
Trial counsel asserted in his opening statement that the Government would prove two cases.
Government evidence presented in support of this offense revealed two distinct instances during which Seider allegedly used cocaine. Airmen Basic Castonguay, Bennett, and Chavez each testified that while playing cards and drinking at Seider’s apartment, Seider provided cocaine and used the substance himself. Airman Basic Castonguay also testified that about a month earlier he had been at Seider’s home watching football when Seider provided and used cocaine. This testimony about two distinct events formed the only evidentiary basis for the allegation of wrongful use of cocaine “on divers occasions.” x
As part of his sentencing instructions the military judge advised the members:
As to Specification 1 of the Charge, if you have doubt the accused wrongfully used cocaine on divers occasions, but you are satisfied beyond a reasonable doubt that the accused wrongfully used cocaine once, you may still reach a finding of guilty; however, you must change the specification by exception, i.e., deleting the words “on divers occasions.”
This instruction was not accompanied by instructions about substitutions to specify a single use on or about a given date and the military judge did not provide any instruction on how to make exceptions and substitutions on the findings worksheet. During his argument on findings, trial counsel variously referred to the evidence of use “on more than one occasion,” “on divers occasions,” “on an additional occasion,” “during both occasions,” “on a second occasion,” and “on two occasions.” The Government clearly relied upon evidence of the two separate incidents to prove use “on divers occasions.”
Prior to the announcement of the findings, the military judge examined the findings worksheet, noted one minor correction with respect to a finding on the Charge and determined the worksheet to be “in proper form.” The president of the court announced that the members found Seider “of Specification 1 of the Charge: Guilty, except the words: ‘on divers occasions.’ Of the excepted words, Not Guilty, of the remaining words, Guilty.” The members made no substitutions to specify which of the two uses presented by the Government was proven beyond a reasonable doubt. The military judge did not direct and the parties to the trial did not request any clarification of the findings.
DISCUSSION
The issue in this case focuses upon the uncertainty in this particular verdict—a circumstance involving the conversion of a “divers occasion” specification to a “one occasion” specification through exceptions. We addressed this same uncertainty in United States v. Walters, 58 M.J. 391 (C.A.A.F.2003), where we held that the military judge erred “in giving incomplete instructions regarding the use of findings by exceptions and substitutions and in failing to secure clarification of the court-martial’s ambiguous findings prior to announcement.” Id. at 396-97. We further held that this type of ambiguous verdict could not be reviewed under Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000), “because the findings of guilty and not guilty do not disclose the conduct upon which each of them was based.” Walters, 58 M.J. at 397.
While the Government conceded at oral argument that this verdict presented a Walters problem at the trial level, they argue *38 that the uncertainty presented by the verdict was resolved by the Court of Criminal Appeals. The Government further argued that this case is “substantially different” than Walters. Unlike Walters which involved evidence of as many as six instances of drug use, the Government urges that this case involves evidence of only two discrete alleged instances and that the record provides a clear, sufficient factual basis for the Court of Criminal Appeals to review the finding and resolve any ambiguity. The Government’s argument finds support in the Court of Criminal Appeals’ per curiam opinion:
We reviewed the record of trial for the legal and factual sufficiency of the evidence. Article 66(c), UCMJ, 10 U.S.C. § 866(c); United States v. Reed, 54 M.J. 37, 41 (2000). Three witnesses testified that the appellant distributed and used cocaine during a card game at the appellant’s off-base apartment. One of the three witnesses provided vague testimony about one additional use of cocaine. Exercising our fact-finding power under Article 66(c), UCMJ, we are convinced beyond a reasonable doubt that the appellant used and distributed cocaine during a card game at the appellant’s off-base apartment. We are similarly convinced that this was the basis for the court members’ finding of guilt for this specification.
Seider, ACM 35154, slip op. at 1-2, 2003 WL 22048406.
While recognizing that the military judge erred in failing to give complete instructions and failing to secure clarification of the court-martial’s ambiguous findings prior to announcement, the Government overlooks a central holding in Walters. Because the findings of guilty and not guilty do not disclose the conduct upon which each of them was based, the Court of Criminal Appeals cannot conduct a factual sufficiency review of Appellant’s conviction. As we noted in Walters, the Court of Criminal Appeals is prevented from even conducting its factual sufficiency review by the fundamental rule that the “Court of Criminal Appeals cannot find as fact any allegation in a specification for which the factfinder below has found the accused not guilty.” * Walters, 58 M.J. at 395 (citing United States v. Smith, 39 M.J. 448, 451 (C.M.A.1994)). In turn, where we cannot determine whether the Court of Criminal Appeals reviewed and affirmed an offense of which Seider was acquitted, we cannot affirm that finding.
DECISION
Accordingly, the decision of the Air Force Court of Criminal Appeals as to Specification 1 of the Charge and the sentence is reversed, but is affirmed in all other respects. The finding of guilty of Specification 1 of the Charge and the sentence are set aside and Specification 1 is dismissed. The record is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals. That Court may either reassess the sentence based on the affirmed guilty findings or order a rehearing on the sentence.

 The fact that this case involved only two incidents while Walters involved six incidents does not impact upon the inability of the Court of Criminal Appeals to conduct a factual sufficiency review of the conviction. The defect is neither a question of the legal or factual sufficiency of the evidence of one alleged use versus the other, nor is it a question to be resolved by weighing evidence and concluding that evidence of one use is quantitatively or qualitatively inferior.