IN THE CASE OF


UNITED STATES, Appellee

v.

Wayne G. AUGSPURGER, Airman Basic
U.S. Air Force, Appellant

No. 04-0563

Crim. App. No. S30222

United States Court of Appeals for the Armed Forces

Argued February 8, 2005

Decided June 27, 2005

ERDMANN, J., delivered the opinion of the court, in which
GIERKE, C.J., and EFFRON and BAKER, JJ., joined.  CRAWFORD, J.,
filed a separate opinion, dissenting in part and concurring in
the result.

Counsel

For Appellant:  Major Andrew S. Williams (argued); Lieutenant
Colonel Carlos L. McDade and Major Terry L. McElyea (on brief).

For Appellee:  Major Michelle M. Lindo (argued); Colonel LeEllen
Coacher, Lieutenant Colonel Robert V. Combs, Lieutenant Colonel
Gary F. Spencer, Major James K. Floyd, and Major M. Leeann
Summer (on brief).

Military Judge:  Ann D. Shane


   **This opinion is subject to revision before final publication.**

United States v. Augspurger, No. 04-0563/AF

Judge ERDMANN delivered the opinion of the court.

Airman Basic (AB) Wayne G. Augspurger was charged with wrongfully using marijuana "on divers occasions," wrongfully distributing marijuana, being drunk and disorderly and wrongfully communicating a threat in violation of Articles 112a and 134 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a, 934 (2000), respectively. He pleaded guilty to the drunk and disorderly specification and not guilty to the remaining specifications. The members found him not guilty of wrongfully distributing marijuana and wrongfully communicating a threat. He was found guilty of wrongfully using marijuana, except for the words "on divers occasions." Augspurger was sentenced to confinement for three months and a bad-conduct discharge. The convening authority approved the sentence and the Air Force Court of Criminal Appeals affirmed the findings and sentence by unpublished order on May 18, 2004. United States v. Augspurger, No. ACM S30222, 2004 CCA LEXIS 128, 2004 WL 1238970 (A.F. Ct. Crim. App. May 18, 2004).

When a servicemember is charged with illegal conduct "on divers occasions" and the members find the accused guilty of charged conduct but strike out the "on divers occasions" language, the effect of the findings is that the accused has been found guilty of misconduct on a single occasion and not guilty of the remaining occasions. Where the findings do not

2

disclose the single occasion on which the conviction is based, the Court of Criminal Appeals cannot conduct a factual sufficiency review or affirm the findings because it cannot determine which occasion the servicemember was convicted of and which occasion the servicemember was acquitted of. We granted review in this case to determine whether the Air Force court erred in reviewing the findings for factual sufficiency and independently determining which act of marijuana use Augspurger was convicted of. We hold that the Air Force Court of Criminal Appeals erred. That court could not conduct a factual sufficiency review of Augspurger's conviction because the military judge failed to clarify the factual bases upon which the members' findings of guilty and not guilty were based.

## BACKGROUND

At Augspurger's court-martial the Government presented evidence of three separate occasions during which Augspurger allegedly used marijuana. The allegation of one occasion of use was based on a positive urinalysis result after Augspurger's urine was tested for marijuana when he submitted a sample for a medical test. Following this positive test Augspurger admitted to an investigator that he had smoked marijuana at an off-base apartment with some friends on December 1, 2001. Allegations of two additional uses of marijuana were presented through the testimony of AB Todd A. Coleman who previously had been

convicted of drug use and who testified that he had seen Augspurger smoke marijuana on two separate occasions in January and February 2002.

The "use" specification alleged that Augspurger had used marijuana "on divers occasions" between October 15, 2001 and February 20, 2002. After hearing evidence of the three alleged occasions of use described above, the members found him guilty of the specification except the words "on divers occasions," and found him not guilty of the excepted words. The members did not indicate which of the three alleged uses formed the basis of their finding.

Confusion over which occurrence Augspurger had been convicted of was evident following the announcement of the verdict. In a session pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839 (a) (2000), the defense counsel asked the military judge to have the members clarify the findings. The military judge declined to do so but did discuss her concern over how she should instruct the members regarding Augspurger's prior nonjudicial punishment under Article 15, UCMJ, 10 U.S.C. § 815 (2000), for the drug use described in his confession. She noted that "at this point, we don't even know if that's one of the specifications." The military judge ultimately decided to conditionally instruct the members that they could consider the Article 15 punishment as evidence in mitigation if they had

4

convicted him for the same drug use.  The trial counsel objected to that instruction noting that "[t]here is no way of knowing what the members actually convicted him on or which particular use."

Without knowing which use Augspurger had been convicted of, neither the parties nor the military judge knew whether the Article 15 punishment should be admitted as a matter in mitigation or a matter in aggravation.  If Augspurger was convicted of the same "use" for which he received the Article 15 punishment, the members needed to be instructed to take into consideration as a matter in mitigation that he had already been punished for that offense.  On the other hand, if Augspurger was convicted of use on one of the other two occasions, the Government could introduce the Article 15 punishment in aggravation as evidence of a separate use.

In the sentencing arguments the trial counsel referred to the Article 15 punishment as a matter in aggravation, taking the position that Augspurger had been acquitted of the marijuana use that was referenced in his confession and that was the basis for the Article 15 punishment.  The defense counsel referred to it as a matter in mitigation, taking the position that Augspurger had been convicted of the marijuana use that was referenced in his confession.  The military judge instructed the members as follows:

> In regard to Specification 2 of the Charge, the court found the accused guilty of a single use of marijuana. If the basis for that finding was the incident described in the accused's confession, Prosecution Exhibit 3, then the court is advised that when you decide upon a sentence in this case, you must consider that punishment has already been imposed upon the accused under Article 15, UCMJ, for that offense. Specifically, he was reduced in rank. His prior punishment is a matter in mitigation which you must consider. Again, this only applies if, in fact, the court's finding of guilt was based upon the incident contained in Prosecution Exhibit 3.

In giving this instruction the military judge demonstrated that she did not know which use the members found Augspurger guilty of.

Before the Air Force court Augspurger argued "that the finding of guilty as to use of marijuana was ambiguous in that it failed to specify which of the three alleged divers uses formed the basis of the conviction." Augspurger, 2004 CCA LEXIS 128, at *1-*2, 2004 WL 1238970, at *1. That court concluded that the military judge erred in not requiring the members to specify which of the three instances presented by the Government formed the basis of their finding; however it found that it was able to "determine in this case which of the three alleged uses the appellant was convicted of, and thus we conclude the error was harmless beyond a reasonable doubt." Augspurger, 2004 CCA LEXIS 128, at *4, 2004 WL 123870, at *2. After reviewing the evidence the court satisfied itself beyond a reasonable doubt that the members convicted Augspurger of the December 1, 2001

6

use, and modified the findings in an effort to resolve the ambiguity. Id.

Before this court, Augspurger argues that the military judge erred because she did not ask the members to clarify their verdict before it was announced. He argues that the Court of Criminal Appeals also erred because it nonetheless affirmed Augspurger's conviction and stated that it could determine which instance of use the members relied on by exercising its fact-finding powers under Article 66, UCMJ, 10 U.S.C. § 866 (2000). He contends that our opinions in United States v. Walters, 58 M.J. 391 (C.A.A.F. 2003), and United States v. Seider, 60 M.J. 36 (C.A.A.F. 2004), necessitate reversal of his conviction based on these errors.

The Government argues that there is sufficient evidence in the record to ascertain which use of marijuana formed the basis for Augspurger's conviction, and that the lower court properly asserted its fact-finding authority in reaching its conclusion. It contends that it is a separate inquiry for the court to determine beyond a reasonable doubt which incident the fact-finder used as a basis to convict the accused. The Government argues that so long as a lower court reasonably could have determined the fact-finder's intent from the record beyond a reasonable doubt, then that court could thereafter conduct a factual sufficiency review of that finding. The Government

United States v. Augspurger, No. 04-0563/AF

urges this court to uphold those determinations as a proper application of the lower court's Article 66 fact-finding power. The Government also argues that even if the lower court did not have the power to review these findings, this court has the power to order a post-trial proceeding in revision to clarify the findings and should do so in lieu of outright dismissal.

DISCUSSION

In Walters, the defendant was charged with drug use "on divers occasions" and the Government presented evidence of a number of instances of drug use. 58 M.J. at 392-93. The members found the defendant guilty of only a single use, and not guilty of use "on divers occasions." Id. at 393. This court held that it was error for the military judge to fail to obtain clarification of the members' findings prior to announcement of those findings. Id. at 396-97. We also found that the ambiguity in the findings precluded review by the Court of Criminal Appeals because "[a] Court of Criminal Appeals cannot find as fact any allegation in a specification for which the fact-finder below has found the accused not guilty." Id. at 395, 397.

Subsequently, we decided Seider, which differed from Walters in that there were only two instances of drug use alleged by the Government. Again the members excepted the words "on divers occasions" and found the defendant guilty of use on

8

United States v. Augspurger, No. 04-0563/AF

only one occasion. 60 M.J. at 37. The Court of Criminal

Appeals in Seider reviewed the two alleged instances for legal

and factual sufficiency and found that it was "convinced beyond

a reasonable doubt that appellant used and distributed cocaine

during a card game at the appellant's off base apartment. We

are similarly convinced that this was the basis for the court

members' finding of guilt for this specification." United

States v. Seider, No. ACM 35154 2003, CCA LEXIS 197, at *2, 2003

WL 22048406, at *1 (A.F. Ct. Crim. App. Aug. 11, 2003).

In reviewing the lower court's decision, this court found

that it was not possible to determine the factual basis for the

members' findings, and concluded that "where we cannot determine

whether the Court of Criminal Appeals reviewed and affirmed an

offense of which Seider was acquitted, we cannot affirm that

finding." 60 M.J. at 38. We noted that:

> The fact that this case involved only
> two incidents while Walters involved six
> incidents does not impact upon the inability
> of the Court of Criminal Appeals to conduct
> a factual sufficiency review of the
> conviction. The defect is neither a
> question of the legal or factual sufficiency
> of the evidence of one alleged use versus
> the other, nor is it a question to be
> resolved by weighing evidence and concluding
> that evidence of one use is quantitatively
> or qualitatively inferior.

Id. at 38 n.*.

This case is not distinguishable from the rationale of

Walters and Seider. As in those cases, there is simply no

9

indication by the members as to the factual basis for their findings of guilty and not guilty.  In fact, the inability to determine the basis for the findings is reflected in this record.  After the findings were announced, each party held a different view of the basis for the findings.  The military judge was also uncertain as reflected by her conditional instruction on how the members were to consider the Article 15 punishment.  Accordingly, we hold that the Court of Criminal Appeals did not have the authority to review and affirm Augspurger's conviction by selecting the occasion that formed the basis for the conviction and then reviewing that conclusion for factual sufficiency.

The military judge had two opportunities to ensure that the members' findings, as announced, were clear as to the factual basis for the offense.  First, she should have properly instructed the members that if they excepted the "divers occasion" language they would need to make clear which allegation was the basis for their guilty finding.  Second, after she examined the findings worksheet but prior to announcement, the military judge should have asked the members to clarify their findings.  Once the findings of a court-martial have been announced, any finding that amounts to a finding of not guilty is not subject to reconsideration or a post-trial

United States v. Augspurger, No. 04-0563/AF

session such as a proceeding in revision.  See Rule for Courts-Martial 924(a), 1102(c)(1).

It is the responsibility of military judges to ensure that these ambiguities are clarified before the findings are announced and if they fail to do so the appellate courts cannot rectify that error.  See Walters, 58 M.J. at 397 (noting that "the inability to identify and segregate those instances of alleged use of which Appellant was acquitted from the 'one occasion' that served as the basis for the guilty finding effectively prevents any rehearing").

## DECISION

The decision of the Air Force Court of Criminal Appeals is reversed.  The finding of guilty of Specification 2 of the Charge and the sentence are set aside, and Specification 2 is dismissed.  The record is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals. That court may either reassess the sentence based on the affirmed guilty findings or order a rehearing on the sentence.

CRAWFORD, Judge (dissenting in part and concurring in the result):

I respectfully dissent from the majority's application of United States v. Walters, 58 M.J. 391 (C.A.A.F. 2003), to the facts of this case. I concur, however, in the result because this case can and should be decided on the basis of judicial estoppel. If it were not for the prosecutor's argument at trial that the members' findings pertained not to Appellant's December 2001 use of marijuana but rather to his use on another occasion, this case could be affirmed, because the facts are easily distinguishable from those of Walters.

In the military justice system, administrative and nonjudicial action may be taken against a servicemember for a violation of the Uniform Code of Military Justice (UCMJ), with regard to, such as in this case, the wrongful use of a controlled substance. Administrative punishment may be imposed under the provisions of Article 15, UCMJ, 10 U.S.C. § 815 (2000). In this case, Appellant was given punishment under Article 15 for the wrongful use of a controlled substance in December 2001. While we have held that the prior punishment does not constitute double jeopardy and preclude a court-martial, we have also held that "an accused must be given complete credit for any and all non-judicial punishment." United States v. Pierce, 27 M.J. 367, 369 (C.M.A. 1989).

Because of the potential overlap, the military judge informed

the parties that she planned to instruct the members that

Appellant was entitled to credit for the Article 15 punishment

because the underlying facts for the finding of guilty and the

Article 15 punishment may have been the same.  The prosecutor

objected to this instruction.

Judicial estoppel precludes a party from successfully

asserting a position in a proceeding and then asserting an

inconsistent position later.  See Lowery v. Stovall, 92 F.3d

219, 223 (4th Cir. 1996) (approving courts' use of the doctrine

to preclude such changes in position); United States v.

McCaskey, 9 F.3d 368, 378 (5th Cir. 1993) (identifying one of

the policies underlying judicial estoppel doctrine as

"preventing internal inconsistency").  It is an effective tool

for discouraging or preventing the prosecutorial inconsistency

that occurred in this case.  Judicial estoppel would bar the

prosecution in this case from advocating at this Court a

position inconsistent with that of the trial prosecutor, who had

a chance to hear all the evidence and observe the demeanor of

the members and the witnesses.

As noted above, the prosecutor's argument in this case

renders futile any attempt to distinguish the cases cited by

Appellant, although they are otherwise distinguishable.  In

Walters, the accused was charged with using ecstasy on divers

2

occasions.  58 M.J. 392.  Walters pleaded not guilty and the Government presented credible evidence of as many as six instances of drug use.  The members found Walters guilty of one single use of ecstasy by excepting the words, "on divers occasions," but they did not specify which of the six instances formed the basis for their finding.  Id. at 392-94.  In contrast here, while Appellant was charged with using marijuana on divers occasions, the evidence introduced by the Government at trial, which included a positive urinalysis and Appellant's confession to marijuana use in December, clearly formed the basis for the members' finding.  Although two witnesses testified as to other alleged uses, this case is factually distinguishable from Walters.  Appellant confessed and, while trial counsel moved to suppress Appellant's confession once it was admitted, the confession was not discredited.  In both defense counsel's opening statement and closing argument on the findings, he practically invited the members to find Appellant guilty of the instance reflected in the confession.  In his opening statement, he said:  "[T]here's evidence of one single use, but there's not evidence of divers uses on different occasions."  In his findings argument, he told the members that Appellant "admits that he wrongfully used marijuana in his 1 December statement. That's not in dispute.  In fact, his statement is corroborated by the fact that his drug screen came back positive for

3

marijuana when he checked into the hospital." The defense did not try to cross-examine Government witnesses as to this evidence or contradict Appellant's confession.

The prosecutor, in his misguided zeal, tried to prevent the panel from giving Appellant any credit for the prior Article 15 punishment relating to the same use that defense counsel mentioned in his opening and closing statements. The prosecutor wanted the Article 15 punishment to be considered a matter in aggravation that would not serve to reduce the sentence. In this instance, I would apply the logic of Military Rule of Evidence (M.R.E.) 801(d)(2)(C), (D) to resolve the question of whether the prosecutor's statement at trial as to his beliefs is binding on the Government. At least, the argument to the military judge shows there is more than one incident that may have been subject to the Article 15 punishment, thus raising the issue of whether the Court of Criminal Appeals could affirm the conviction for one of the several incidents set forth in the Government's case. United States v. Salerno, 937 F.2d 797, 811-12 (2d Cir. 1991); see also United States v. Bakshinian, 65 F. Supp. 2d 1104, 1106 (C.D. Cal. 1999) (requiring the state to abide by promises made by prosecutors). The statements of the prosecutor bind the Government, or at least result in judicial estoppel. See, e.g., United States v. Kattar, 840 F.2d 118, 130-31 (1st Cir. 1988); see also United States v. Johnson, 28

F.3d 1487, 1496 (8th Cir. 1994) (stating that the Government's original bill of particulars would have been admissible if inconsistent with the charge later before the court).

M.R.E. 801(d)(2) is the same as its counterpart in the Federal Rules of Evidence with regard to party admissions, including adopted statements, statements by authorized agents, and those made by principals. M.R.E. 801(d)(2) provides that certain statements are not hearsay. Those statements include "(C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent . . . concerning a matter within the scope of the agency or employment of the agent . . . made during the existence of the relationship." M.R.E. 801(d)(2)(C), (D). The courts are divided on the treatment of prosecutors' statements. Some follow the common law principle that "no individual should be able to bind the sovereign." See, e.g., United States v. Zizzo, 120 F.3d 1338, 1351 n.4 (7th Cir. 1997). Bakshinian, in contrast, held that prosecutors can bind the sovereign. 65 F.Supp. 2d at 1106. It is not necessary to decide among these divergent views because, in this instance, at least, the trial counsel's argument underscores the different possibilities concerning the findings.

The majority imposes an unnecessary per se rule on cases in which "divers occasions" are alleged, rather than examining the

individual facts to "identify and segregate those instances of alleged use of which Appellant was acquitted," __ M.J. __, (11) (citation omitted), when the facts of record make that process crystal clear.  They fail to apply judicial estoppel to the divergent positions of the Government, and they fail to distinguish this case factually from Walters.  But for the prosecutor's argument, this case would be factually distinguishable from both Walters and Seider, but because the prosecutor's arguments bind the Government, I concur in the result.