Judge RYAN delivered the opinion of the Court.
In United States v. Walters, 58 M.J. 391 (C.A.A.F.2003), this Court held that the *202 Court of Criminal Appeals could not review a conviction for factual sufficiency under Article 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866 (2000), when the appellant was charged with committing an illegal act “on divers occasions,” but was found guilty at trial by exceptions and substitutions to a single unspecified act. Walters, 58 M.J. at 394, 396-97. The decision in that case turned on the fact that the members had found the appellant “not guilty” of some unspecified occasions, and the consequent inability of a Court of Criminal Appeals to “find as fact any allegation in a specification for which the fact-finder below has found the accused not guilty.” Id. at 395; see also United States v. Seider, 60 M.J. 36, 38 (C.A.A.F.2004) (stating the same).
In this case, Appellant was found guilty of the “on divers occasions” offense by the members, without exception. In the course of conducting its review for legal and factual sufficiency, the United States Air Force Court of Criminal Appeals (CCA) approved the conviction with respect to a single act, finding the evidence for the other acts factually insufficient. United States v. Rodriguez, No. ACM 36455, 2007 CCA LEXIS 254, at *7-*8, 2007 WL 2035048, at *3 (A.F.Ct.Crim. App. June 26, 2007).
Appellant asserts that WaZiers and Seider apply, and that the lower court could not affirm the factual sufficiency of the conviction in this case under Article 66, UCMJ.[1] We disagree: the difference in the verdicts of the factfinders is the dispositive distinction between this ease and Walters and Seider. Accordingly, we hold that the lower court properly conducted a legal and factual sufficiency review pursuant to Article 66, UCMJ.
I. FACTS
A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of one specification of using marijuana on divers occasions and one specification of using Pereocet, a Schedule II controlled substance, on divers occasions, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a (2000).
The specification at issue in this appeal charged Appellant with a violation of Article 112a, UCMJ, in that he “did, on divers occasions, within the continental United States, between on or about 1 August 2002 and on or about 1 September 2003, wrongfully use marijuana.”
At trial, the Government presented evidence in support of its theory that Appellant used marijuana on three separate occasions during the charged period.[2] Four government witnesses offered relevant testimony. Three testified that Appellant had admitted to them that he had used marijuana. Only the fourth, Airman Basic (AB) Maldonado, testified that he actually witnessed Appellant use marijuana during the timeframe outlined in the specification. Appellant never asked for a bill of particulars regarding the three separate alleged uses of marijuana.
After hearing this evidence and being instructed on exceptions and substitutions by the military judge, the members convicted Appellant of using marijuana “on divers occasions” as charged. The sentence adjudged by the court-martial and approved by the *203 convening authority included a bad-conduct discharge, confinement for five months, forfeiture of all pay and allowances, and reduction in grade to E-l.
Pursuant to Article 66, UCMJ, the CCA reviewed the case for legal and factual sufficiency.
On appeal to the CCA, Appellant argued that the evidence adduced at trial was factually and legally insufficient to support a conviction for use of marijuana on divers occasions during the charged period. The CCA found the evidence factually sufficient to support a conviction for marijuana use on only one occasion. Rodriguez, 2007 CCA LEXIS 254, at *7-*8, 2007 WL 2035048, at *3. It held that “[t]he evidence regarding marijuana use is not as compelling” and that due to “the extremely vague admissions made by the [Ajppellant” that were recounted by the witnesses at trial, the CCA was unable to state that the evidence was factually sufficient to support a conviction for use of marijuana “on any occasion other than the time in which he smoked it with” AB Maldonado. 2007 CCA LEXIS 254, at *6-*7, 2007 WL 2035048, at *2-*3. Because the CCA determined that the Government had only proven the one use described by AB Maldonado beyond a reasonable doubt at trial, it amended the marijuana specification by striking “on divers occasions” from the marijuana use specification. 2007 CCA LEXIS 254, at *7-*8, 2007 WL 2035048, at *3.
At the CCA, Appellant also argued that, if the CCA found the evidence insufficient as to any of the uses undergirding the “divers occasions” specification, this Court’s decisions in Seider and Walters dictated that the entire specification be set aside. 2007 CCA LEXIS 254, at *9, 2007 WL 2035048, at *4.
The CCA distinguished both Seider and Walters, noting that in those cases the members, rather than the CCA, had made exceptions to an “on divers occasions” specification, which resulted in implicit findings of not guilty as to some of the unspecified occasions. In this case the members, after hearing the evidence, had returned a general verdict of guilt to the “divers occasions” specification. 2007 CCA LEXIS 254, at *9, 2007 WL 2035048, at *4.
The CCA affirmed the conviction as to a single use of marijuana and reassessed Appellant’s sentence, reducing his confinement from five months to four months. Rodriguez, 2007 CCA LEXIS 254, at *7-*8, 2007 WL 2035048, at *3.
II. ANALYSIS
Whether a CCA can affirm a conviction for a single act after determining that the evidence is factually insufficient to support the “on divers occasions” general verdict returned by the factfinder at trial is a question of law we review de novo. See, e.g., United States v. Brown, 65 M.J. 356, 358-59 (C.A.A.F.2007) (factual sufficiency reviewable where members findings are not ambiguous). We agree with the CCA that so long as the factfinder entered a general verdict of guilty to the “on divers occasions” specification without exception, any one of the individual acts may be affirmed by the CCA as part of its Article 66, UCMJ, review.
A.
When members find an accused guilty of an “on divers occasions” specification, they need only determine that the accused committed two acts that satisfied the elements of the crime as charged — without specifying the acts, or how many acts, upon which the conviction was based. Cf. Brown, 65 M.J. at 359 (citing Griffin v. United States, 502 U.S. 46, 49-51, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991); Schad v. Arizona, 501 U.S. 624, 631, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) (plurality opinion)). In this ease, the Government presented evidence related to three separate instances of marijuana use in support of its attempt to prove that Appellant had used marijuana on divers occasions.
Appellant argues that it was impossible for the CCA to know upon which alleged instances of marijuana use the members based the verdict of guilty on “divers occasions.” Given the nature of a general verdict, we agree with Appellant that there is no way for this Court or the CCA to determine *204 which acts comprised the “divers occasions” found by the members, and no way to determine whether the members found Appellant guilty of the single act alleged in the specification as amended by the CCA.
Appellant is also correct that, if the members found Appellant not guilty of the act alleged in the specification as amended by the lower court, the lower court could not conduct a factual sufficiency review. See Walters, 58 M.J. at 395 (stating that a court “cannot find as fact any allegation in a specification for which the fact-finder below has found the accused not guilty” (citing United States v. Smith, 39 M.J. 448, 451 (C.M.A. 1994); United States v. Nedeau, 7 C.M.A. 718, 721, 23 C.M.R. 182, 185 (1957))).
B.
But Appellant fails to account for the longstanding jurisprudence in the Supreme Court, this Court, and the common law regarding the presumption that controls general verdicts on appeal. See Griffin, 502 U.S. at 58-60, 112 S.Ct. 466 (discounting a similar factual sufficiency argument); Brown, 65 M.J. at 359 (affirming conviction where members did not specifically articulate which theory of liability was the basis for the finding of guilt); Peake v. Oldham, (1775) 98 Eng. Rep. 1083, 1084 (K.B.) (Lord Mansfield stating, “‘if there is any one count to support the verdict, it shall stand good, notwithstanding all the rest are bad’”). The longstanding common law rule is that when the factfinder returns a guilty verdict on an indictment charging several acts, the verdict stands if the evidence is sufficient with respect to any one of the acts charged. Griffin, 502 U.S. at 49, 112 S.Ct. 466. The rule is based on the presumption that the verdict attaches to each of the several alternative theories charged. Turner v. United States, 396 U.S. 398, 420, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). Because the verdict attaches to all theories, the verdict may stand despite trial errors “ ‘if any one of the counts is good and warrants the judgment.’” Griffin, 502 U.S. at 49, 112 S.Ct. 466 (quoting Claassen v. United States, 142 U.S. 140, 146, 12 S.Ct. 169, 35 L.Ed. 966 (1891)).
The presumption is similarly applicable where an “on divers occasions” general verdict is modified on appeal to a single act.[3] Here, where the evidence was factually insufficient as to two of the acts, the charge could nevertheless be sustained as to the third marijuana use. But because that single use affirmed by the CCA no longer constituted an “on divers occasions” offense the lower court necessarily reconstituted Appellant’s charge as a single use and reassessed his sentence. The action by the CCA in this case is no different than if Appellant had been charged with the three acts in question in the conjunctive, a general verdict had been returned, and the CCA found two of the acts to be unsupported by the facts adduced at trial. Turner, 396 U.S. at 420, 90 S.Ct. 642 (stating the general rule that “when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive ... the verdict stands if the evidence is sufficient with respect to any one of the acts charged”).[4] Just as in Griffin and Turner, factually insufficient alternatives were removed on appeal, but the conviction may nonetheless be sustained.
C.
Walters and Seider are not to the contrary. The crux of those opinions was that the members’ exceptions and substitutions on the findings worksheet implicitly meant that the factfinder had found that the *205 accused was not guilty of some of the acts alleged at trial. Nothing in Walters or Seider addresses the argument advanced by Appellant today — that a general verdict on an “on divers occasions” charge cannot be changed into a single act on appeal when the general verdict was reached without exception by the factfinder.[5]
Last year, in Brown, we revisited the general verdict concept, that time in an instance where the accused was charged with rape under a theory of acting either as a principal or aider and abettor.[6] 65 M.J. at 358. The members in that ease, instead of returning a general verdict, found the accused guilty of a lesser included offense of indecent assault, without stating on which of the alternative theories the lesser included offense was based. Id. In affirming the conviction, we repeated our holding in United States v. Vidal, 23 M.J. 319, 325 (C.M.A.1987): “Tt makes no difference how many members chose one act or the other, one theory of liability or the other. The only condition is that there be evidence sufficient to justify a finding of guilty on any theory of liability submitted to the members.’” Brown, 65 M.J. at 359.
The rule from Walters and Seider applies “only in those ‘narrow circumstancefs] involving the conversion of a “divers occasions” specification to a “one occasion” specification through exceptions and substitutions’” by the members. Brown, 65 M.J. at 358 (quoting Walters, 58 M.J. at 396). An unadulterated, unobjected-to, general verdict implicitly contains a verdict of guilt as to each underlying act and the CCA did not err in exercising its factual and legal review pursuant to Article 66, UCMJ, here.

Decision

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

. The issue, as granted was:
SINCE TWO OF THREE ALLEGED USES OF MARIJUANA WERE BASED ON UNCORROBORATED CONFESSIONS AND APPELLANT’S CONVICTION FOR USING MARIJUANA ON DIVERS OCCASIONS WAS ACCORDINGLY TRANSFORMED INTO A SINGLE USE CONVICTION BY THE AFC-CA, WHETHER UNITED STATES V. SEIDER AND UNITED STATES V. WALTERS PROHIBIT AFFIRMING EVEN A SINGLE USE OF MARIJUANA BECAUSE THE MEMBERS COULD HAVE BASED THEIR "ON DIVERS OCCASIONS" CONVICTION ON THE TWO UNCORROBORATED CONFESSIONS AND FOUND APPELLANT NOT GUILTY OF THE ALLEGED USE NOW USED BY THE AFC-CA TO AFFIRM THE SPECIFICATION.
65 M.J. 347 (C.A.A.F.2007).

. During oral argument, the Government raised, for the first time, the possibility that the record of trial supported only two, not three, alleged uses of marijuana. In response, Appellant filed a motion to supplement statement of facts and analysis in the brief on behalf of Appellant, which we granted. 66 M.J. 201 (C.A.A.F.2008). We base our decision on three, not two, alleged uses. Appellant’s appeal was granted on that basis. Moreover, the CCA based its decision on the premise that there were three alleged uses, and that premise is supported by the record.

. In view of the facts of this case, nothing in Article 66, UCMJ, Walters, or Seider requires us to disregard Supreme Court precedent or the precedent of this Court regarding the common law presumption. There was no actual or implicit finding of not guilty by the members to any offense in this case, nor did the CCA find the evidence legally insufficient to support any of the charged conduct.

. We note that a different analysis would apply in a case where a possible basis for conviction was either illegal or unconstitutional. See Stromberg v. California, 283 U.S. 359, 367-68, 51 S.Ct. 532, 75 L.Ed. 1117 (1931).

. As the specification was charged, Appellant could be sentenced to a maximum of five years of confinement, rather than the fifteen available had the acts been charged individually. Appellant did not request a bill of particulars and the members were instructed by the military judge on the process for making findings using exceptions and substitutions.

. In Rodriguez, the members were presented with three distinct criminal acts. Each of them or any combination thereof, as with the alternative theories of liability in Brown, provided each member with a basis for convicting Appellant.