# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

### No. 201600326

———————————————

### UNITED STATES OF AMERICA
Appellee

v.

### DILLON L. KENDALL
Gunner's Mate Second Class (E-5), U.S. Navy
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Commander Heather Partridge, JAGC, USN.
Convening Authority: Commander, Navy Region Mid-Atlantic, Norfolk, VA.
Staff Judge Advocate's Recommendation: Commander Irve C. Lemoyne, Jr., JAGC, USN.
For Appellant: Lieutenant Commander Paul D. Jenkins, JAGC, USN.
For Appellee: Brian Keller, Esq.

———————————————

Decided 30 March 2017

———————————————

Before GLASER-ALLEN, MARKS, and RUSSELL, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of conspiring to wrongfully export anabolic steroids, two specifications of wrongful use of anabolic steroids; two specifications of wrongful distribution of anabolic

steroids; one specification of wrongful possession of anabolic steroids; and one specification of wrongful introduction of anabolic steroids onto an installation used by the armed forces in violation of Articles 81 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 912a. The military judge sentenced the appellant to 6 months' confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the adjudged sentence and, pursuant to a pretrial agreement (PTA), suspended all confinement in excess of 90 days.

Although not raised by the parties, we find that there is a substantial basis in law and fact to question the appellant's plea of guilty to conspiring "on divers occasions" in Specification 3 of Charge I. As such, we find that the military judge abused her discretion in accepting the appellant's plea of guilty to conspiring "on divers occasions." Additionally, the CA's promulgating order fails to reflect a minor but material modification to Specification 3 of Charge I, and we take appropriate action in our decretal paragraph.

## I. BACKGROUND

The appellant pled guilty to seven specifications related to his possession of, use of, distribution of, and conspiracy to export anabolic steroids. The specification related to the conspiracy charge alleged:

> [T]hat Gunner's Mate Second Class Dillon L. Kendall, U.S. Navy, Coastal Riverine Squadron 2, on active duty, did, at Dubai, United Arab Emirates, *on divers occasions* between on or about 17 July 2014 and on or about 7 December 2014, *conspire* with [D.H.], to commit an offense under the Uniform Code of Military Justice, to wit: wrongful exportation from the United States of anabolic steroids, a Schedule III controlled substance, and in order to effect the object of the conspiracy, the said GM2 Kendall did pay [D.H.] $100.

Before accepting the appellant's pleas, the military judge first, and correctly, advised that the two elements needed to prove conspiracy are an agreement, and an overt act in furtherance of the agreement while the agreement continued to exist.[1] The appellant then testified that he and D.H. agreed that D.H. would mail him anabolic steroids from the United States during his overseas deployment.[2] The appellant provided money to D.H., who

---

[1] Record at 26-27.

[2] *Id*. at 31-32; 34-35.

then mailed a quantity of steroids from the United States to him in Dubai, in September 2014.[3]

## II. DISCUSSION

### A. Abuse of discretion

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). "In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Id.* In order to establish adequate factual grounds for a guilty plea, the military judge must elicit facts from the accused that objectively support the plea. *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980).

Specification 3 of Charge I alleges that the appellant conspired with D.H. "on divers occasions." Committing conspiracy "on divers occasions," necessitates multiple agreements. Here, there was evidence of only a single conspiracy: the agreement to send the appellant steroids from the United States while the appellant was on deployment. Accordingly, we find that the military judge abused her discretion in accepting the appellant's guilty plea to conspiring with D.H. "on divers occasions," and we affirm the finding as to this specification except for the words "on divers occasions.".[4]

We have considered reassessment of the sentence on the basis of the error noted, the entire record, and in accordance with the principles set forth in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). *See also United States v. Cook*, 48 M.J. 434, 438 (C.A.A.F. 1998). We conclude that the sentence, as approved, is an appropriate punishment for the modified offense, and no greater than what would have been awarded absent the error. *See United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986) (noting that a reassessed sentence must not only "be purged of prejudicial error [but] also must be 'appropriate' for the offense involved").

### B. Error in promulgating order

The CA's promulgating order fails to reflect a minor, but material, modification to Specification 3 of Charge I. Based on the appellant's testimony during the providence inquiry, the military judge found that he

---

[3] *Id.* at 35-36.

[4] In *United States v. Rodriguez*, 66 M.J. 201, 203-04 (C.A.A.F. 2008), the Court of Appeals for the Armed Forces reviewed this remedy *de novo* and affirmed, noting that when an "on divers occasions" verdict is modified to a single act, the charge can nevertheless be sustained if the evidence is sufficient as to a single act.

paid D.H. $100.00 in furtherance of their conspiracy, not the $1,000.00 charged. The appellant agreed to the material change in the specification, and the counsel modified the specification during trial. This modification does not appear in the CA's promulgating order. As the appellant is entitled to official records that correctly reflect the results of his proceeding, we order correction in our decretal paragraph. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

### III. CONCLUSION

Accordingly, we set aside "on divers occasions" from Specification 3 of Charge I, affirm the remainder of the specification in so much as the appellant did pay D.H. $100.00, and affirm the remaining findings and the sentence. The supplemental court-martial order will reflect that as to Specification 3 of Charge I, the specification was modified post-arraignment to allege the payment of $100.00 vice $1,000.00, and that the appellant pled and was found guilty of the lesser dollar amount.

For the Court

R.H. TROIDL
Clerk of Court