*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————————

## UNITED STATES
Appellee

**v.**

## Luke D. ENGLISH, Specialist
United States Army, Appellant

### No. 19-0050
Crim. App. No. 20160510

Argued May 21, 2019—Decided July 30, 2019

Military Judges: Michael J. Hargis and Kurt J. Bohn

For Appellant: *Captain Heather M. Martin* (argued); *Lieutenant Colonel Christopher Daniel Carrier, Lieutenant Colonel Tiffany D. Pond, Lieutenant Colonel Todd W. Simpson,* and *Captain Joseph C. Borland* (on brief).

For Appellee: *Major Sandra L. Ahinga* (argued); *Colonel Steven P. Haight, Lieutenant Colonel Eric K. Stafford, Lieutenant Colonel Wayne H. Williams,* and *Captain KJ Harris* (on brief).

Judge RYAN delivered the opinion of the Court, in which Chief Judge STUCKY, and Judges OHLSON, SPARKS, and MAGGS, joined.

———————————

Judge RYAN delivered the opinion of the Court.

A military judge sitting as a general court-martial convicted Appellant, contrary to his pleas, of one specification of attempted rape, four specifications of rape, one specification of sexual assault, six specifications of assault consummated by battery, one specification of kidnapping, one specification of communicating a threat, and two specifications of obstruction of justice in violation of Articles 80, 120, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 920, 928, and 934 (2012). He was sentenced to confinement for twenty-three years, a dishonorable discharge, and reduction to E-1. The convening authority approved the sentence as adjudged. The United States Army Court of Criminal Appeals (ACCA) dismissed

four of the assault consummated by battery specifications,[1] affirmed all other charges and specifications, reduced the sentence to twenty-two years, and affirmed both the dishonorable discharge and the reduction to E-1.

However, as relevant to the instant appeal, the ACCA found that the evidence in the record did not support the charged language for Specification 6 of Charge I, Article 120, UCMJ. Rather than dismiss the charge, it affirmed the conviction by excepting the words "to wit: grabbing her head with his hands" from Specification 6 of Charge I. *English*, 78 M.J. at 576–77. We granted review of the following issue related to the language in Specification 6 of Charge I:

> Whether the Army Court of Criminal Appeals can find the unlawful force, as alleged, factually insufficient and still affirm the finding based on a theory of criminality not presented at trial.

The answer is clearly no. As the Government concedes, exceptions and substitutions under Rule for Courts-Martial (R.C.M.) 918(a)(1) (2016 ed.), may not be made at the appellate level, *see United States v. Lubasky*, 68 M.J. 260, 261 (C.A.A.F. 2010), and, relatedly, reviewing courts may not "revise the basis on which a defendant is convicted simply because the same result would likely obtain on retrial." *Dunn v. United States*, 442 U.S. 100, 107 (1979). The decision of the ACCA as to that specification is reversed.[2]

## I. Facts and Procedural History

Appellant was charged with myriad offenses arising from a brutal and protracted sexual altercation with his ex-wife (DE) on September 18, 2015, in which he violently raped and sexually assaulted her multiple times. Ultimately, DE escaped to safety and reported the events to the police.

---

[1] These specifications were dismissed due to an evidentiary error unrelated to this appeal. *United States v. English*, 78 M.J. 569, 572–76 (A. Ct. Crim. App. 2018).

[2] We otherwise affirm the lower court's findings on all other charges.

The language of Specification 6 of Charge I provides the basis for this appeal. At trial, the specification read in pertinent part: "[Appellant], did, commit a sexual act upon Ms. D.E., to wit: penetrating her mouth with his penis, by unlawful force to wit: *grabbing her head with his hands*" (emphasis added). On direct examination, DE testified that, while her hands were fastened with duct tape, "[Appellant] forced . . . his penis into my mouth." Government counsel sought the following clarification:

> [TC:] Okay, and how did he place his penis in your mouth?
>
> [DE:] Just kind of shoved it in my mouth honestly.
>
> [TC:] Did he grab you at all to do that?
>
> [DE:] I can't remember the exact details.

Before closing argument, the Government moved to dismiss certain specifications and to delete language from other specifications, but it did not seek to except language from or otherwise amend Specification 6 of Charge I. At closing, Government counsel repeatedly emphasized that Appellant accomplished the penetration by grabbing the victim's head with his hands. Defense counsel argued against this characterization of the incident:

> I asked [the victim,] "did he grab your head . . . ?" . . . And she says, "No, he just put it in my mouth." And that's actually not the way the government charged it either. They charged it that he grabbed her head and placed his penis in her mouth . . . . [I]t's clear to the defense that there was some type of altercation that took place . . . but it didn't happen the way the government is alleging.

The military judge found Appellant guilty of Specification 6 of Charge I.

In the course of its Article 66 (c), UCMJ, 10 U.S.C. § 866(c) (2012), review, the ACCA addressed Appellant's claim that Specification 6 of Charge I was factually insufficient and determined that, "[n]otwithstanding the credit we give to DE's version of events, the evidence still has to support the charging language." *English*, 78 M.J. at 576. It concluded that, though "there was sufficient evidence to prove

appellant committed the sexual act by unlawful force, there [wa]s no evidence that he did so by 'grabbing her head with his hands.' " *Id.* Rather than dismissing the specification as factually insufficient when confronted with this discrepancy between the offense as charged and the evidence, the ACCA excepted the words "to wit: grabbing her head with his hands" from the charge sheet and affirmed Appellant's conviction based on the remaining language of Specification 6 of Charge 1. *Id.* at 577.

## II. Discussion

This is a straightforward case. While a violation of Article 120, UCMJ, based on the theory of criminality charged by the Government requires "unlawful force," Article 120(a)(1), UCMJ, the Government was not required to draft the specification alleging a particular type of force, i.e., that Appellant committed this particular offense by "grabbing her head with his hands." *Cf. United States v. Fosler*, 70 M.J. 225, 229 (C.A.A.F. 2011) (observing that "[t]he military is a notice pleading jurisdiction"). But when it narrowed the scope of the charged offense by alleging the particular type of force, it was required to prove the facts as alleged. *See United States v. Reese*, 76 M.J. 297, 300–01 (C.A.A.F. 2017); *see also United States v. Morton*, 69 M.J. 12, 16 (C.A.A.F. 2010). As the Government concedes in its brief, once that charging decision was made, it was bound to abide by it. *See Morton*, 69 M.J. at 16.

In performing its review under Article 66(c), UCMJ, a Court of Criminal Appeals (CCA) may narrow the scope of an appellant's conviction to that conduct it deems legally and factually sufficient.[3] *United States v. Piolunek*, 74 M.J. 107, 122 (C.A.A.F. 2015) (upholding the CCA's determination that only nineteen of twenty-two charged images of child pornography were legally sufficient to support a conviction); *United States v. Rodriguez*, 66 M.J. 201, 203 (C.A.A.F. 2008) (upholding the CCA's decision to strike "on divers occasions" from the specification at issue and affirm only one instance of the offense). But in this case, when the

---

[3] Pursuant to Article 59(b), UCMJ, 10 U.S.C. § 859(b) (2012), it may also affirm a lesser included offense.

ACCA excepted language from the specification, it changed the scope of the offense from the specific force alleged and litigated at Appellant's court-martial to a generic, and thus broader, charge that was not presented at trial. This action both exceeded the ACCA's appellate authority, *Lubasky*, 68 M.J. at 265, and violated Appellant's constitutional due process rights. *See Dunn¸* 442 U.S. at 106–07; *United States v. Riley*, 50 M.J. 410, 415–16 (C.A.A.F. 1999).

**A.**

It is the government's responsibility, by virtue of its control of the charge sheet, to place the accused on notice of the offense he must defend against. *See Morton*, 69 M.J. at 16. Here, the charge sheet indicated that the Government intended to demonstrate that Appellant acted with unlawful force by "grabbing [DE's] head with his hands," and proceeded on that theory at trial. Appellant was entitled to rely on the specifications in the charge sheet as drafted. *Reese*, 76 M.J. at 300–01; *see also Morton*, 69 M.J. at 16; *United States v. Medina¸* 66 M.J. 21, 26–27 (C.A.A.F. 2008). And, in this case, the fulcrum of the defense theory with respect to this offense was that the Government failed to prove the unlawful force alleged.

Even though DE's testimony did not strictly conform with Specification 6 of Charge I as drafted, the Government argued it did, and did not seek a finding of guilty by exceptions and substitutions at Appellant's court-martial. " 'A variance between pleadings and proof exists when evidence at trial establishes the commission of a criminal offense by the accused, but the proof does not conform strictly with the offense alleged in the charge.' " *Lubasky*, 68 M.J. at 264 (quoting *United States v. Teffeau*, 58 M.J. 62, 66 (C.A.A.F. 2003)). Where a variance exists, R.C.M. 918(a)(1) permits a factfinder to enter findings of guilty with exceptions and substitutions, so long as the "[e]xceptions and substitutions [are] not . . . used to substantially change the nature of the offense."

But as the Government acknowledges, exceptions and substitutions pursuant to R.C.M. 918 may only "be made by the factfinder at the findings portion of the trial." *Lubasky*, 68 M.J. at 265. It nonetheless argues that the ACCA's "ex-

ception" was not a substantial variance. Given that exceptions and substitutions may not be made at the appellate level, *id.*; *United States v. Johnson*, No. ARMY 20131075, 2016 CCA LEXIS 215, at \*14, 2016 WL 1311423, at \*4 (A. Ct. Crim. App. Mar. 31, 2016), "variance," here, is a misnomer. Moreover, there was no "variance" between the specification and the theory on which the case was "tried and submitted to the [members]." *Dunn*, 442 U.S. at 106.

**B.**

The scope of an appellate court's authority is a legal question this Court reviews de novo. *See United States v. Bennitt*, 74 M.J. 125, 128–29 (C.A.A.F. 2015); *Lubasky*, 68 M.J. at 264–65; *Rodriguez*, 66 M.J. at 203. Although the ACCA has broad discretion when it reviews the record of trial under Article 66, UCMJ, that discretion is not unlimited. *United States v. Swift*, 76 M.J. 210, 216 (C.A.A.F. 2017).

Article 66(c), UCMJ, requires a service court to conduct a plenary review of the record and affirm so much of the findings and sentence "as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Relatedly, Article 59(b), UCMJ, grants a reviewing court the discretion to "affirm, instead, so much of the finding as includes a lesser included offense." But there is no authority, statutory or otherwise, that permits the ACCA to except language from a specification in such a way that creates a broader or different offense than the offense charged at trial. *See Dunn*, 442 U.S. at 107 ("[A]ppellate courts are not free to revise the basis on which a defendant is convicted simply because the same result would likely obtain on retrial.").

When conducting a review for factual sufficiency, the ACCA considers "whether, after weighing the evidence in the record of trial . . . [it is] convinced of the accused's guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). Here, the ACCA found DE's version of the events credible but determined that her testimony did not support a conviction under Specification 6 of Charge I as drafted. *English*, 78 M.J. at 576. By finding the evidence did not support the facts as charged, the ACCA effectively concluded that Appellant was not guilty of the specification. *Cf.*

*United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002) ("The court may affirm a conviction *only* if it concludes, as a matter of factual sufficiency, that the evidence proves appellant's guilt beyond a reasonable doubt." (emphasis added)).

The ACCA had two options: (1) set aside the findings as to Specification 6 of Charge I as the finding was not "correct in . . . fact," Article 66(c), UCMJ; or (2) affirm a lesser included offense, Article 59(b), UCMJ. What the ACCA could not do was strike the charged language regarding specific unlawful force and affirm Specification 6 of Charge I simply because "there was sufficient evidence to prove appellant committed the sexual act by unlawful force." *English*, 78 M.J. at 576.

The ACCA itself has observed this limitation in the past. In an unpublished decision, *Johnson*, 2016 CCA LEXIS 215, 2016 WL 1311423, it considered a case that closely resembles the scenario presented by this appeal. There, the appellant was charged with assault by "pointing" a loaded firearm at the victim, but the testimony and evidence introduced at the court-martial only indicated that he placed two firearms on the table and asked the victim whether "this [was] what it [wa]s going to come to?" *Id.* at *12, 2016 WL 1311423, at *4. Faced with the discrepancy between the proof and the charges, the ACCA concluded that it could not "affirm a conviction in a circumstance where the evidence necessary to sustain the conviction requires a variance from the specification alleged." *Id.* at *14, 2016 WL 1311423, at *4. Citing *Lubasky*, the court noted that it could not, on appeal, base its review on anything other than "the findings of the court-martial." *Id.* at *14, 2016 WL 1311423, at *4.

To permit the ACCA's revision of the charge sheet in this case would convict Appellant, on appeal, of an offense met by a more expansive (and undefined)[4] set of facts than those charged and litigated at trial. While Article 66, UCMJ, pro-

---

[4] While finding "sufficient evidence to prove that appellant committed the sexual act by unlawful force," there is no indication in the ACCA opinion as to the specific method of force it relied on to affirm the conviction. *English*, 78 M.J. at 576.

vides extensive powers of appellate review to service courts of criminal appeal, it does not permit after-the-fact revisions to the charge sheet that sweep more broadly than what was alleged, and what an appellant was convicted of, at trial.[5]

## C.

Expanding the scope of the specification on appeal beyond that which was presented to the trier of fact is akin to the violation of due process that occurs when an appellate court affirms a conviction based on a different legal theory than was presented at trial. *See Dunn¸* 442 U.S. at 106–07; *Bennitt*, 74 M.J. at 128; *United States v. McCracken*, 67 M.J. 467, 467–68 (C.A.A.F. 2009); *Riley*, 50 M.J. at 415–16; *see also Chiarella v. United States*, 445 U.S. 222, 236 (1980) (holding that "[an appellate court] cannot affirm a criminal conviction on the basis of a theory not presented to the jury"). Given the Government's decision to allege a specific type of unlawful force, it is a fundamental tenet of due process that an appellate court may not affirm a conviction based on a more generalized and generic theory of force not submitted to the trier of fact. *Riley*, 50 M.J. at 415–16.

While we do not doubt that multiple methods of force were readily available for the Government to present at trial, absent a finding by exceptions and substitutions under R.C.M. 918 at trial, those alternatives were precluded by the specific language included in Specification 6 of Charge I.[6] The ACCA, through exception to the specification on appeal, affirmed a charge with a broader factual basis than the the-

---

[5] We specifically note that this holding does not call into question our decisions that permit a CCA to *narrow* the scope of language in a specification to affirm only so much as is correct in law and fact. *See supra* p. 6. Where the CCA narrows the charging language rather than broadening it, such a change does not run afoul of the due process concerns implicated here. *See infra* Section C.

[6] And even if "variance" were the proper framework for analyzing the issue, in this case, the placement of Appellant's hands during the sexual assault was a substantial fact. *Cf. Reese*, 76 M.J. at 300–01 (amending the specification from "licking the penis" to "touching the penis [with his hand]" constituted a major change under R.C.M. 603(a) (internal quotation marks omitted)).

ory the Government originally charged and proceeded on at trial. Such post hoc modification is an error of constitutional magnitude that "offends the most basic notions of due process." *Dunn*, 442 U.S. at 106.

### III. Conclusion

The judgment of the United States Army Court of Criminal Appeals is affirmed in part and reversed in part. The finding as to Specification 6 of Charge I and the sentence are set aside, and this specification is dismissed.[7] We affirm the lower court with respect to all other findings. The record of trial is returned to the Judge Advocate General of the Army for remand to the Army Court of Criminal Appeals for reassessment of the sentence.

---

[7] While Article 59, UCMJ, permits affirmance of a lesser included offense, given the ACCA's determination that the force alleged is factually insufficient, *English*, 78 M.J. at 576, there is no lesser included offense to affirm.