UNITED STATES, Appellee

v.

Christopher A. BARBERI, Staff Sergeant
U.S. Army, Appellant

No. 11-0462

Crim. App. No. 20080636

United States Court of Appeals for the Armed Forces

Argued January 24, 2012

Decided May 15, 2012

ERDMANN, J., delivered the opinion of the court, in which RYAN,
J., and EFFRON, S.J., joined. STUCKY, J., filed a separate
opinion concurring in the result. BAKER, C.J., filed a separate
dissenting opinion.

Counsel

For Appellant: William E. Cassara, Esq. (argued); Captain John
L. Schriver (on brief).

For Appellee: Captain Stephen E. Latino (argued); Major Ellen
S. Jennings and Major Amber J. Williams (on brief).

Military Judges: Timothy Grammel and Gregg A. Marchessault

**This opinion is subject to revision before final publication.**

United States v. Barberi, No. 11-0462/AR

Judge ERDMANN delivered the opinion of the court.

Staff Sergeant Christopher A. Barberi was charged with two specifications of sodomy in violation of Article 125, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 925 (2006), and three specifications alleging violations of Article 134, UCMJ, 10 U.S.C. § 934 (2006):  creating child pornography, possessing child pornography, and indecent acts.  Prior to trial one of the sodomy specifications was dismissed, as were the Article 134 specifications alleging the creation of child pornography and indecent acts.  Barberi entered pleas of not guilty to the remaining specifications alleging sodomy and possession of child pornography, but was found guilty of both at a general court-martial composed of officer and enlisted members.  The panel sentenced Barberi to two years of confinement, reduction to E-1, and a bad-conduct discharge.  The convening authority approved confinement for 1 year and 361 days and approved the rest of the sentence as adjudged.  The United States Army Court of Criminal Appeals (CCA) affirmed the findings and sentence.  United States v. Barberi, No. ARMY 20080636, 2011 CCA LEXIS 24, at *5, 2011 WL 748378, at *2 (A. Ct. Crim. App. Feb. 22, 2011) (per curiam) (unpublished).  This appeal involves only the possession of child pornography specification.

Where a general verdict of guilt is based in part on conduct that is constitutionally protected, the Due Process

2

Clause requires that the conviction be set aside. Stromberg v. California, 283 U.S. 359, 368-70 (1931). We granted review to determine whether Barberi's conviction for possession of child pornography in violation of Article 134 can be upheld after the Army Court of Criminal Appeals found that four out of the six images introduced by the Government were not child pornography.[1] We hold that under the circumstances of this case, these four images were constitutionally protected and the general verdict of guilt must be set aside.

## Background

As the result of an investigation into allegations of sexual abuse made by Barberi's stepdaughter, SD, law enforcement personnel obtained a compact disc containing electronic images of SD in various stages of undress. SD testified that Barberi took the photos of her. Barberi was charged with knowing possession of child pornography in violation of Article 134, clauses (1) and (2).[2] The Government introduced six photographs

---

[1] We granted review of the following issue:

> Whether the general verdict of guilt rested on conduct that was constitutionally protected, in that at least one of the six images presented to the members was not child pornography.

United States v. Barberi, 70 M.J. 351 (C.A.A.F. 2011) (order granting review).

[2] The possession of child pornography specification alleged:

> In that Staff Sergeant Christopher A. Barberi, U.S. Army, did, between 4 December 2002 and January 29,

United States v. Barberi, No. 11-0462/AR

of SD identified as Prosecution Exhibits (PE) 21, 22, 23, 24, 25, and 26 in support of the specification.

At an Article 39(a) session, Barberi's defense counsel moved for a finding of not guilty to the possession of child pornography charge because there was "not a scintilla of evidence before the court that Prosecution Exhibits 21 through 26 meet the definition of child pornography, and 18 U.S.C. 2252 (alpha) under that definition."  The military judge denied the motion and the members found Barberi guilty of possession of child pornography.

The Army Court of Criminal Appeals subsequently found that four of the six images, PE 23, 24, 25, and 26, were legally and factually insufficient to support a conviction because none of those images "depict[ed] any portion of the minor child's [SD's] genitalia or pubic area."  Barberi, CCA LEXIS 24, at *3, 2011 WL 748378, at *1 (citing United States v. Roderick, 62 M.J. 425, 429-30 (C.A.A.F. 2006)).  However, the CCA found the remaining prosecution exhibits, PE 21 and 22, were child pornography and rejected Barberi's argument that the general verdict of guilt must be set aside.  Id.  The CCA affirmed both the findings and sentence.  Id., at *5, 2011 WL 748378, at *2.

2007, at or near Wurzburg, Germany and Heidelberg, Germany, knowingly possess child pornography, which conduct was prejudicial to good order and discipline or likely to bring discredit upon the armed forces.

4

## Discussion

Barberi contends that images not containing a lascivious exhibition are constitutionally protected speech. Because four of the six images presented to the members were constitutionally protected, Barberi argues that the entire conviction for possession of child pornography fails because this court cannot determine whether the conviction rested on constitutional or unconstitutional grounds, citing Stromberg, 283 U.S. 359. Barberi also suggests that the Court of Criminal Appeals erroneously relied on United States v. Rodriguez, 66 M.J. 201 (C.A.A.F. 2008), to affirm his conviction as Rodriguez did not implicate constitutionally protected conduct.

The Government does not challenge the determination of the Court of Criminal Appeals as to PE 23, 24, 25, and 26. Rather, the Government argues that the basis for Barberi's conviction included PE 21 and 22, which were child pornography and the CCA rightly relied on those findings to affirm Barberi's conviction. The Government argues that the conviction is valid under the general verdict rule as it is legally supportable on one of the submitted grounds. The Government asserts that the Stromberg rule does not apply to the situation presented here -- where a general verdict is based upon insufficient evidence regarding one of several bases for the verdict. The Government therefore concludes that our task is simply to review PE 21 and 22 for

United States v. Barberi, No. 11-0462/AR

legal sufficiency under Article 67, UCMJ, 10 U.S.C. § 867.  This court reviews the legal and factual sufficiency of a general verdict de novo.  Rodriguez, 66 M.J. at 203.

Constitutionally Protected Images

The Government charged that Barberi knowingly possessed child pornography in violation of Article 134, clauses (1) and (2).  Although he was not required to do so, the military judge chose to define "child pornography" to the members with reference to the definitions found in the Child Pornography Prevention Act of 1996 (CPPA), 18 U.S.C. §§ 2252A-2260 (2006). He instructed that "[c]hild pornography means any visual depiction, including any photograph, film, video, picture, or computer image, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of an actual minor engaging in sexually explicit conduct."  (Quotation marks omitted.)  Cf. 18 U.S.C. § 2256(8)(A).

The military judge also used the CPPA's definition of sexually explicit conduct:  "actual or simulated sexual intercourse, including genital-to-genital, oral to genital, anal to genital, or oral to anal, whether between persons of the same or opposite sex" and "actual or simulated bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person."  Cf. 18

6

U.S.C. § 2256(2)(A).  The military judge defined the term "lascivious" as "exciting sexual desires or marked by lust" and noted that "[n]ot every exposure of genitals or pubic area constitutes a lascivious exhibition."  The military judge then listed the six "Dost factors" relied on by this court in Roderick, 62 M.J. at 429-30, for determining what constitutes a "lascivious exhibition."[3]  The military judge noted that "consideration of these factors is combined with an overall consideration of the totality of the circumstances."  Neither party objected to these instructions.

On review at the Army Court of Criminal Appeals, Barberi again argued that the images did not constitute child pornography.  In its analysis, the CCA held that PE 23, 24, 25, and 26 were legally and factually insufficient to support

---

[3] The Dost factors are:

> (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e.[,] in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexually coyness or a willingness to engage in sexual activity; (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

Id. (quoting United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986).

United States v. Barberi, No. 11-0462/AR

Barberi's conviction for knowing possession of child pornography because none of these four images depicted any portion of SD's genitalia or pubic area. Barberi, 2011 CCA LEXIS 24, at *3, 2011 WL 748378, at *1.

Under the definitions provided by the military judge, in order for the images to constitute child pornography they must contain an exhibition of the genitals or pubic area and that exhibition must be lascivious. Here, however, as four of the six images did not contain an exhibition of SD's genitals or pubic area, there is no need for further inquiry into the definition of "lascivious" or the Dost factors. Without an exhibition of the genitals or pubic area, the four images at issue do not fall within the definition of sexually explicit conduct and therefore do not constitute child pornography as defined by the CPPA and as instructed by the military judge in this case.

In Ashcroft v. Free Speech Coalition, 535 U.S. 234, 245 (2002), the Supreme Court recognized the general principle that "the first Amendment bars the government from dictating what we see or read or speak or hear." But the Court also recognized that "[t]he freedom of speech has its limits; it does not embrace certain categories of speech, including defamation, incitement, obscenity, and pornography produced with real children." Id. at 245-46 (citing Simon and Schuster, Inc. v.

United States v. Barberi, No. 11-0462/AR

New York State Crime Victims Bd., 502 U.S. 105, 127 (1991) (Kennedy, J., concurring)). Thus, speech that falls outside of these categories retains First Amendment protection. See id.; see also New York v. Ferber, 458 U.S. 747, 765 (1982) (finding that "descriptions or other depictions of sexual conduct, not otherwise obscene," retain First Amendment protection). Accordingly, PE 23, 24, 25, and 26 constitute constitutionally protected speech, and "[t]he Government may not suppress lawful speech as the means to suppress unlawful speech." Free Speech Coalition, 535 U.S. at 255.[4]

We note that under appropriate circumstances conduct that is constitutionally protected in civilian society could still be viewed as prejudicial to good order and discipline or likely to bring discredit upon the armed forces. See, e.g., Parker v. Levy, 417 U.S. 733, 759 ("'Speech that is protected in the civil population may nonetheless undermine the effectiveness of [the] response to command. If it does, it is constitutionally unprotected.'" (quoting United States v. Priest, 21 C.M.A. 564, 570, 45 C.M.R. 338, 344 (1972)); United States v. Forney, 67 M.J. 271, 275 (C.A.A.F. 2009) ("That the possession of virtual

---

[4] The dissenting opinion takes issue with our finding that these images are constitutionally protected. United States v. Barberi, __ M.J. __ (1-2) (C.A.A.F. 2012) (Baker, C.J. dissenting). Although these images are disturbing and distasteful, that alone does not place them into the category of unprotected speech in this case.

United States v. Barberi, No. 11-0462/AR

child pornography may be constitutionally protected speech in civilian society does not mean it is protected under military law."); United States v. Brisbane, 63 M.J. 106, 116 (C.A.A.F. 2006) ("In light of Free Speech Coalition we look to the record to determine whether the evidence demonstrates that an accused's conduct is service-discrediting and/or prejudicial to good order and discipline, even if such conduct would have been protected in a civilian context."); United States v. Mason, 60 M.J. 15, 19 (C.A.A.F. 2004) (concluding that the analysis is "on a case-by-case basis").  Charges for the possession of child pornography could be brought pursuant to clauses (1) or (2) of Article 134 without reference to the definitions laid out in the CPPA, thereby creating a completely different set of elements required for conviction.  That question, however, is not before this court in light of the specification and instructions in Barberi's case.

The General Verdict Rule and Constitutionally Protected Conduct

"The longstanding common law rule is that when the factfinder returns a guilty verdict on an indictment charging several acts, the verdict stands if the evidence is sufficient with respect to any one of the acts charged."  Rodriguez, 66 M.J. at 204 (citing Griffin v. United States, 502 U.S. 46, 49 (1991)).  We have recognized, however, an exception to the

10

general verdict rule where one of the grounds of the conviction is found to be unconstitutional.

"[I]f a factfinder is presented with alternative theories of guilt and one or more of those theories is later found to be unconstitutional, any resulting conviction must be set aside when it is unclear which theory the factfinder relied on in reaching a decision." United States v. Cendejas, 62 M.J. 334, 339 (C.A.A.F. 2006) (citing Stromberg, 283 U.S. at 368). The theory enunciated by the Supreme Court in Stromberg, "encompasses a situation in which the general verdict on a single-count indictment or information rested on both a constitutional and an unconstitutional ground." Zant v. Stephens, 262 U.S. 862, 882 (1983).

Although two of the images submitted by the prosecution in support of Charge II were legally and factually sufficient to support a finding of guilty, the remaining four were constitutionally protected and we cannot know which images formed the basis for the finding of guilt to the possession of child pornography charge. This presents the same situation described by the Supreme Court in Zant: "If, under the instructions to the jury, one way of committing the offense charged is to perform an act protected by the Constitution, the rule of these cases requires that a general verdict of guilt be

set aside even if the defendant's unprotected conduct, considered separately, would support the verdict." Id. at 883.

The CCA relied on our decision in Rodriguez to uphold Barberi's conviction, explaining that "'so long as the fact finder entered a general verdict of guilty to the []. . . specification without exception, any of the individual acts may be affirmed by the CCA as a part of its Article 66, UCMJ, review.'" Barberi, 2011 CCA LEXIS 24, at *5, 2011 WL 748378, at *2 (alteration in original) (quoting Rodriguez, 66 M.J. at 204). The charges and findings in Rodriguez, however, are distinguishable. The members found Rodriguez guilty of marijuana use on divers occasions but the CCA found the evidence factually sufficient to support only one use of marijuana. Rodriguez, 66 M.J. at 202-03. Rodriguez argued that the general verdict theory required setting aside his conviction because it was "impossible for the CCA to know upon which alleged instances of marijuana use the members based the verdict of guilty on 'divers occasions.'" Id. at 203. In affirming Rodriguez's conviction under the general verdict rule, we noted that "a different analysis would apply in a case where a possible basis for conviction was either illegal or unconstitutional." Id. at 204 n.4. Thus, Rodriguez presaged a different analysis in a situation where constitutionally protected conduct is involved. Because we cannot know which prosecution exhibits formed the

basis for the members' decision, and their findings may have been based on constitutionally protected images, the general verdict to the possession of child pornography charge must be set aside.

The Government also relies on Griffin v. United States, 502 U.S. 46, 48, 59-60 (1991), for the proposition that "[w]hen there are multiple factual predicates to a charge, one of which is unsupported by the evidence at trial, a court may generally conclude that the jury convicted on the factually supported charge." However, that rule applies when a conviction is legally supportable on different grounds, not when one or more of the bases for the conviction is constitutionally protected conduct. Griffin explained that a general verdict would not be set aside simply because one of the possible bases for the conviction was "neither unconstitutional as in Stromberg, nor even illegal . . . but merely unsupported by sufficient evidence." Id. at 56. Here four of the possible bases for the conviction were, in fact, constitutionally protected conduct.

Prejudice

Barberi urges us to set aside the verdict without testing for prejudice. While the Supreme Court did not test for harmlessness in reversing the conviction in Stromberg, that case was decided before Chapman v. California, 386 U.S. 18, 21-22 (1967) (concluding that some constitutional errors can be

United States v. Barberi, No. 11-0462/AR

harmless).  In Stromberg the Court simply set aside the verdict based on the constitutional error.  While the Supreme Court has not addressed this particular situation since the issuance of Chapman, it has held that most constitutional errors constitute trial errors and are subject to harmless error review.  Hedgpeth v. Pulido, 555 U.S. 57, 60-61 (2008); see also Skilling v. United States, 130 S. Ct. 2896, 2934 (2010) (applying Hedgpeth on direct review); United States v. Brooks, 66 M.J. 221, 224 (C.A.A.F. 2008) ("There is a strong presumption that an error is not structural.").

Thus, as in Chapman, we must determine "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction."  Chapman, 386 U.S. at 23 (quoting Fahy v. Connecticut, 375 U.S. 85, 86-87 (1963)). "To say that an error did not contribute to the verdict is . . . to find that error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record."  United States v. Gardinier, 67 M.J. 304, 306 (C.A.A.F. 2009) (citation and quotation marks omitted).  "An error in admitting plainly relevant evidence which possibly influenced the jury adversely to a litigant cannot . . . be conceived of as harmless."  Chapman, 386 U.S. at 23-24 (citation omitted).

As noted, we cannot know which images formed the basis for the finding of guilt to the possession of child pornography

14

specification.  Accordingly, the constitutionally protected images reasonably may have contributed to the conviction and cannot be deemed unimportant in relation to everything else the members considered.  We therefore find that the Stromberg constitutional error in this case was not harmless beyond a reasonable doubt.

## Decision

The decision of the United States Army Court of Criminal Appeals is reversed as to Charge II and the sentence, but is affirmed in all other respects.  The record of trial is returned to the Judge Advocate General of the Army for remand to the Court of Criminal Appeals.  That court may either dismiss Charge II and reassess the sentence, or it may order a rehearing.

United States v. Barberi, No. 11-0462/AR

STUCKY, Judge (concurring in the result):

It is unnecessary to decide whether prosecution exhibits (PE) 23, 24, 25, and 26 are constitutionally protected to resolve this case. Even though the charge arose from clauses 1 and 2 of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006), the Government charged Appellant with possessing "child pornography," words that impart a certain legal definition in light of the Child Pornography Prevention Act (CPPA). 18 U.S.C. § 2256(8)(A) (2006). More importantly, the Government did not object to instructions that defined "child pornography" in a manner consistent with the CPPA; nor did the Government request a broader instruction.

The Government could have drafted the specification in a manner that did not implicate the CPPA -- such as avoiding the words "child pornography" -- and could have requested instructions that did not track the CPPA. See United States v. Brisbane, 63 M.J. 106, 116-17 (C.A.A.F. 2006) (recognizing that some conduct and speech is service discrediting or prejudicial to good order and discipline, even though it may be constitutionally protected or not criminalized in the civilian context). Instead, the Government chose to proceed under the theory that this was child pornography under the CPPA,[1] and the

_____

[1] In regard to child pornography, the prosecutor initially argued that Appellant possessed child pornography by saving nude and

United States v. Barberi, No. 11-0462/AR

United States Army Court of Criminal Appeals (CCA) thus did not abuse its discretion in using the CPPA as the legal benchmark when reviewing the evidence.

The relevant definition in the CPPA requires the "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v) (2006). The CCA found that four of the six images in evidence were legally and factually insufficient, because they did not include any exhibition of the genitals or pubic region. United States v. Barberi, No. 20080636, 2011 CCA LEXIS 24, at *3, 2011 WL 748378, at *1 (A. Ct. Crim. App. Feb. 22, 2011) (per curiam) (unpublished). As discussed below, the circumstances of this case require the general verdict to be set aside.

This case is similar to United States v. Barona, in which two individuals were each charged with being the principal leader of a criminal enterprise, a conviction that required, inter alia, a finding that the defendants supervised five or more people. 56 F.3d 1087, 1096 (9th Cir. 1995). The government provided the jury a list of twelve possible supervisees for one defendant and a list of eight possible supervisees for the other defendant. Id. The government

---

partially nude pictures of his stepdaughter without clarifying what nude and partially nude meant. During rebuttal, the prosecutor attempted to clarify the difference between the

2

conceded that each list included at least one person that could not qualify as a supervisee under the applicable law. Id. Nevertheless, the government argued that the convictions could be upheld because the evidence supported a finding that at least five people on each list could have been a supervisee and the jury was properly instructed. Id. at 1097.

On appeal, the Ninth Circuit succinctly stated that "[t]he problem is that, among the list of people who the jury was told that it could choose, there existed individuals that the jury was not allowed to choose as a matter of law." Id. at 1097. Relying on Yates v. United States, 354 U.S. 298, 311-12 (1957), overruled on different grounds by Burks v. United States, 437 U.S. 1 (1978), the Ninth Circuit held that "[w]here the jury is presented with a legally inadequate theory, as opposed to a factually inadequate theory, Yates requires that the conviction be vacated." Id. at 1098.

In this case, the members were given six photos, four of which could not legally constitute child pornography under the CPPA, the legal theory on which the Government rested its case and upon which the members were instructed. In other words, the members were provided a theory of conviction that was legally inadequate in light of the manner in which the Government

---

genitals and the pubic region before ultimately noting that at least one photo exhibited the stepdaughter's pubic region.

3

prosecuted the case.  The proper remedy for this situation is to set aside the conviction as it relates to Charge II.  See id. (citing Yates, 354 U.S. at 312).

Therefore, I concur in the result of reversing the judgment of the United States Army Court of Criminal Appeals as to Charge II.  I would return the record of trial to the Judge Advocate General of the Army for remand to the CCA for sentence reassessment.

United States v. Barberi, No. 11-0462/AR

BAKER, Chief Judge (dissenting):

INTRODUCTION

This case highlights a problem in military child pornography prosecutions. A definition for child pornography that accounts for clauses (1) and (2) of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006), does not exist in statute, the Manual for Courts-Martial,[1] or case law. The lead case in this area, United States v. Roderick, 62 M.J. 425 (C.A.A.F. 2006), was a prosecution for various violations of the Child Pornography Prevention Act of 1996 (CPPA), 18 U.S.C. §§ 2252A-2260 (2006), under clause (3) of Article 134, UCMJ. Thus, it addressed the term "lascivious exhibition of the genitals or pubic area of any person," solely within the context of the CPPA. Roderick, 62 M.J. at 429. However, in contrast to Roderick, this case was not charged as a violation of the CPPA.

Nonetheless, the Court has missed an opportunity to clearly, specifically, and contextually define what constitutes child pornography in an Article 134, UCMJ, clause (1) or (2) case. To the contrary, the Court appears to have reached the troubling conclusion that photographs of naked children in

_____

[1] Manual for Courts-Martial, United States (2008 ed.) (MCM).

lascivious poses, which satisfy all but one of the Dost[2] factors, but that do not show genitalia or the pubic area, are not only not service discrediting, they are constitutionally protected.

DISCUSSION

All of the pictures at issue in this case meet a common sense definition of child pornography. They include pictures of Appellant's twelve-year-old stepdaughter getting out of the shower nude with a towel barely and briefly covering her pubic area. All else is seen. In a majority of the pictures, the child is looking at the camera and appears to be posing. Thus, there are two threshold legal problems presented in this case.

First, although Appellant was charged with a violation of Article 134(1) and (2), UCMJ, the military judge instructed the members using the definition of child pornography found in the CPPA, which is used to define child pornography when charging a violation of the CPPA under clause (3). Slightly altering the CPPA's text, the military judge defined child pornography as "any visual depiction, including any photograph, film, video, picture, or computer image, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of an actual minor engaging in sexually explicit

---

[2] United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986) (aff'd sub nom. United States v. Wiegand, 812 F.2d 1239 (9th Cir. 1987).

2

conduct." Cf. 18 U.S.C. § 2256(8)(A). The military judge also defined sexually explicit conduct as, among other things, a "lascivious exhibition of the genitals or pubic area of any person." Finally, the military judge defined a "lascivious exhibition" consistent with the definition of that term adopted in Roderick. Since some of the pictures in this case do not show the genitals or the pubic area, the lower court's conclusion was that the evidence contained in those photos did not satisfy the instruction given by the military judge to the members of the court-martial. However, in my view the military judge used an incorrect and overly narrow definition of child pornography for the purpose of Article 134 (1) and (2), UCMJ, at trial as did the Court of Criminal Appeals.

This leads to the second threshold problem. The underlying legal question this case poses is whether pictures such as these could constitute child pornography for the purpose of an offense under Article 134(1) and (2), UCMJ, even if they do not qualify as child pornography for the purpose of the CPPA as prosecuted under clause (3), because they do not exhibit the genitals or the pubic area.

In my view, we should look to Roderick to establish a clear definition of what constitutes child pornography for the purposes of clauses (1) and (2) of Article 134, UCMJ. In Roderick we concluded that the determination whether a

3

particular photograph contained a "lascivious exhibition" could be made "by combining a review of the Dost factors with an overall consideration of the totality of the circumstances." 62 M.J. at 430. In adopting this standard we recognized that "although Dost provides some specific, workable criteria, there may be other factors that are equally if not more important in determining whether a photograph contains a lascivious exhibition." Id. at 429-30 (quoting United States v. Amirault; 173 F.3d 28, 32 (1st Cir. 1999)) (quotation marks omitted). This standard is easily adapted for defining child pornography for prosecutions under clauses (1) and (2) of Article 134, UCMJ.

The question under Article 134 (1) and (2), UCMJ, is whether images must satisfy all of the Dost factors, or whether one should "combin[e] a review of the Dost factors with an overall consideration of the totality of the circumstances." Roderick, 62 M.J. at 430. The circumstances surrounding the possession, distribution, or creation of certain images in a given case might implicate concerns for good order and discipline or the reputation of the service that have no relevance or parallel in civilian society. Those same circumstances might also relate to the Dost factors generally, and not just to the depiction of the genitals or pubic area. For example, military life may impose additional responsibilities and concerns regarding dependents and housing

4

that do not exist in civilian life.  My approach would take into consideration all of the Dost factors along with the totality of the circumstances with no particular factor being determinative. In other words, the definition need not be limited to the display of the genitalia or the pubic area.

The Court has not adopted this approach.  Rather it applies the CPPA definition mutatis mutandis to service discrediting child pornography.  Remarkably, the Court has gone even further, and concluded that since the images in question do not depict the genitals or pubic area they are necessarily constitutionally protected.  There appears to be no middle ground.  According to the majority, a picture is either child pornography based on the statutory definition under the CPPA or it is constitutionally protected speech.  But conduct that may not be criminal in the civilian context is not necessarily constitutionally protected. Therefore, even though I agree with the majority that the Court is constrained in this case by the definitions provided by the military judge, I do not agree with its holding regarding the images excluded by the lower court.

I had thought that this Court had recognized a distinction in the handling of child pornography between civilian and military contexts.  In United States v. Forney, for example, the majority opinion explicitly noted in the child pornography context, "That the possession of virtual child pornography may be

constitutionally protected speech in civilian society does not mean it is protected under military law." 67 M.J. 271, 275 (C.A.A.F. 2009). The conclusion I reached in my dissent in United States v. Beaty, is as valid today as it was then, namely, that in light of Forney, the scope of punishable child pornography in the military is broader than that punishable under the CPPA. 70 M.J. 39, 47 (C.A.A.F. 2011) (Baker, J., dissenting). The images excluded by the lower court in this case depict Appellant's twelve-year-old stepdaughter in various states of undress and in poses that reasonable court-martial members could have concluded were not only inappropriate, but lascivious and service discrediting, given the context of the case. Whatever may be said of them, it cannot be said that the taking of these images is constitutionally protected activity in the military.

The First Amendment is not as encompassing as the majority's opinion suggests. A number of factors must be considered, including the nature of the pictures, the subject of the pictures, and whether creating, distributing or possessing the images occurs in the military context. Put simply, some of the pictures in this case may not have met the statutory definition given by the military judge, but this does not mean that a military member has a constitutional right to take nude pictures of his child posed for the purpose of sexual gratification so

long as the pubic area is not exhibited.  In the military context, the constitutional analysis as it pertains to civilians does not apply.  Among other things, the military has an obligation to protect the dependents of its servicemembers to meet the ends of good order and discipline.

It would also seem that if conduct is constitutionally protected, it could never be subject to either military or civilian criminal sanction.  The majority recognizes, as it must, that under Parker v Levy,[3] and our own case law, "under appropriate circumstances conduct that is constitutionally protected in civilian society could still be viewed as prejudicial to good order and discipline or likely to bring discredit upon the armed forces."  __ M.J. __ (9) (C.A.A.F. 2012).  In this case, the specification under which Appellant was convicted alleged conduct prejudicial to good order and discipline and conduct likely to bring discredit.  The members were given the definitions of service discrediting conduct and prejudice to good order and discipline.  Thus, the prosecution necessarily proceeded on a theory requiring this Court to determine whether the CPPA definition is the correct definition of child pornography in the Article 134(1) and (2), UCMJ, context.  Accordingly, either this conduct is constitutionally protected, and therefore free from criminal sanction, or it is

---

[3] 417 U.S. 733 (1974).

7

not, and therefore subject to prosecution as conduct that is service discrediting or prejudicial to good order and discipline. It cannot be both, and it is certainly not constitutionally protected conduct.

Putting aside the definitional issue, because I believe the images in this case are not constitutionally protected, I would review the lower court's decision under Griffin v. United States, 502 U.S. 46 (1991). In Griffin, the Supreme Court struck a distinction between general verdicts that rely in part upon "legal error," a mistake about the law, and general verdicts that are based in part on "a mistake concerning the weight or the factual import of the evidence." Id. at 59. Regarding the former, such verdicts must be set aside because:

> [j]urors are not generally equipped to determine whether a particular theory of conviction submitted to them is contrary to law . . . . When . . . jurors have been left the option of relying on a legally inadequate theory, there is no reason to think that their own intelligence and expertise will save them from that error.

Id. (emphasis added). Conversely, general verdicts that rely in part on a mistake concerning the weight of the evidence should be upheld. The Supreme Court's reasoning here was that "when [jurors] have been left the option of relying upon a factually inadequate theory . . . jurors are well equipped to analyze the evidence" and are presumed to have done so. Id. (emphasis added).

Regarding the four images that did not meet the specific guidelines in the CPPA, the Court of Criminal Appeals stated, "We find PE 23, 24, 25, and 26 are legally and factually insufficient." United States v. Barberi, No. ARMY 20080636, 2011 CCA LEXIS 24, at *3, 2011 WL 748378, at *1 (A. Ct. Crim. App. Feb. 22, 2011) (unpublished) (per curiam). Since that court ultimately upheld the general verdict in this case, it may be that it found the evidence regarding the images to be factually inadequate. However, it is unclear. Therefore, I would remand to the lower court to have it frame its reasoning consistent with the Griffin analysis.

For the reasons stated above, I must respectfully dissent.